UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X
      :
LESLIE J. LEVINE, *solely in his capacity as trustee of*  :
*the Marvin H. Schein Descendants' Trust*,   :
      :   15-CV-1738 (JMF)
    Plaintiff,   :
      :   <u>ORDER</u>
   -v-   :
      :
MICHAEL D. BROWN,  :
      :
    Defendant.   :
      :
---------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

    For the reasons discussed on the record during the conference held on December 19, 2019, it is hereby ORDERED that the Temporary Restraining Order ("TRO") signed by the Court on December 11, 2019, ECF No. 24, is extended through and including **January 31, 2020**. On **January 31, 2020**, the parties shall appear for an evidentiary hearing beginning at **9:30 a.m.** in **Courtroom 1105 of the Thurgood Marshall Courthouse, 40 Centre Street, New York, NY**.

    As discussed during the conference, the following schedule shall govern the further conduct of pre-hearing proceedings in this case:

1. The parties are directed to file a joint letter no later than the close of business on **December 24, 2019**, describing the parties' proposal(s) for the scope and timing of discovery, including interim discovery deadlines.

2. In the case of discovery disputes, parties should follow Local Civil Rule 37.2 with the following modifications. Any party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute. If this meet-and-confer process does not resolve the dispute, the party shall, in accordance with the Court's Individual Rules and Practices in Civil Cases, promptly file a letter-motion, no longer than three pages, explaining the nature of the dispute and requesting an informal conference. Any letter-motion seeking relief must include a representation that the meet-and-confer process occurred and was unsuccessful. Any opposition to a letter-motion seeking relief shall be filed as a letter, not to exceed three pages, within three business days. Counsel should be prepared to discuss with the Court the matters raised by such letters, as the Court will seek to resolve discovery disputes quickly, by order, by conference, or by telephone. Counsel should seek relief in accordance with these procedures in a timely fashion; if a party waits until near the close of discovery to raise an issue that could have been raised earlier, the party is unlikely to

be granted the relief that it seeks, let alone more time for discovery.

3. By **January 20, 2020**, the parties shall file a Joint Pre-Hearing Order, including any and all information relevant to the hearing referenced in the Court's Individual Rules and Practices in Civil Cases, available at https://nysd.uscourts.gov/hon-jesse-m-furman, with respect to Joint Pre-Hearing Orders.

4. **At the same time**, the parties shall each file Proposed Findings of Fact and Conclusions of Law. As there may be no opportunity for post-hearing submissions, the Proposed Findings of Fact should be detailed and should include citations to the proffered hearing testimony and exhibits, and the Proposed Conclusions of Law shall include all law that the parties wish to submit to the Court. **The parties may not submit additional memoranda of law (before or after trial) without leave of Court.**

5. **At the same time**, the parties shall serve, *but not file*, affidavits constituting the direct testimony of each hearing witness, except for the direct testimony of an adverse party, a person whose attendance is compelled by subpoena, or a person for whom the Court has agreed to hear direct testimony live at the hearing. The parties shall also serve, *but not file*, all deposition excerpts that will be offered as substantive evidence, as well as a one-page synopsis (with transcript citations) of those excerpts for each deposition.

6. **At the same time**, the parties shall provide the Court with an electronic copy of each exhibit sought to be admitted (with each filename corresponding to the relevant exhibit number — e.g., "PX-1," "DX-1," etc.) on either a CD-ROM or a flash drive. If submission of electronic copies would be an undue burden on a party, the party may seek leave of Court (by letter-motion filed on ECF) to submit prospective documentary exhibits in hard copy. Each hard copy shall be pre-marked (that is, with an exhibit sticker) and assembled sequentially in a looseleaf binder (not to exceed 2 1/2 inches in thickness) or in separate manila folders labeled with the exhibit numbers and placed in redweld folders labeled with the case name and docket number. The parties shall also provide, by e-mail to the Court (Furman_NYSDChambers@nysd.uscourts.gov), a Microsoft Word document listing all exhibits sought to be admitted. The list shall contain four columns labeled as follows: (1) "Exhibit Number"; (2) "Description" (of the exhibit); (3) "Date Identified"; and (4) "Date Admitted." The parties shall complete the first two columns, but leave the third and fourth columns blank, to be filled in by the Court during the hearing.

7. **Three business days after submission** of the affidavits discussed above, counsel for each party shall submit a list of all affiants whom he or she intends to cross-examine at the hearing. Only those witnesses who will be cross-examined need to appear at the hearing. The original signed affidavits should be brought to the hearing to be marked as exhibits.

8. By **January 27, 2020**, the parties shall file any reply memorandum of law and provide two (2) courtesy copies to the Court.

9. It is further ORDERED that the following procedures shall govern the conduct of the hearing:

    a. All exhibits must be pre-marked.
    b. At the start of the hearing, each party shall provide the Court with three (3) copies of a complete exhibit list.
    c. Counsel should make certain that they retain custody of all original exhibits, including the affidavits composing the direct testimony. The Court does not retain them and the Clerk is not responsible for them.

10. Plaintiff is further ORDERED to serve a copy of this Order, the TRO, and the turnover motion papers on Wells Fargo Bank, N.A. and on the relevant branch(es) currently in possession of Accounts #0720 and #1929 no later than **December 30, 2019**, and to file proof of service within **two business days of service**.

    SO ORDERED.

Dated: December 20, 2019
New York, New York

JESSE M. FURMAN
United States District Judge