UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
LESLIE J. LEVINE, *solely in his capacity as trustee of* :
*the Marvin H. Schein Descendants' Trust*, :
:
                                 Plaintiff, :        15-CV-1738 (JMF)
:
           -v- :        MEMORANDUM OPINION
:             AND ORDER
MICHAEL D. BROWN, :
:
                                 Defendant. :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       Having reviewed the parties' supplemental briefing, ECF Nos. 56 & 57, the Court concludes that Plaintiff's motion for a turnover order should be granted. Plaintiff moves for a turnover order pursuant to Rule 69 of the Federal Rules of Civil Procedure and N.Y. C.P.L.R. § 5225(b). *See* ECF No. 23. Judgment creditors may proceed by motion under Rule 69(a) to enforce a money judgment against individuals and entities subject to the Court's personal jurisdiction. *See CSX Transp., Inc. v. Island Rail Terminal, Inc.*, 879 F.3d 462, 470 (2d Cir. 2018). Because Plaintiff seeks to enforce a judgment in the Southern District, the "procedure on execution" must accord with New York law. *See Mitchell v. Garrison Protective Servs., Inc.*, 819 F.3d 636, 638 (2d Cir. 2016) (per curiam) (quoting Fed. R. Civ. P. 69(a)(1)).

       N.Y. C.P.L.R. § 5225(b) "creates a remedy for judgment creditors in situations where property of a judgment debtor is in the possession or custody of a third party." *Dussault v. Republic of Argentina*, 616 F. App'x 26, 27 (2d Cir. 2015) (summary order). "To invoke § 5225(b), a judgment creditor must show, *inter alia*, 'either that the judgment debtor is entitled to the possession of such property, or that the judgment creditor's rights to the property are superior to those of the party in whose possession it is.'" *Id.* (quoting *Beauvais v. Allegiance*

*Sec., Inc.*, 942 F.2d 838, 840 (2d Cir. 1991)) (internal quotation marks and alterations omitted). In addition, the statute requires that notice be served on the judgment debtor "in the same manner as a summons or by registered or certified mail, return receipt requested." N.Y. C.P.L.R. § 5225(b).

Here, it is uncontested that Plaintiff is the judgment creditor for a default judgment entered on June 19, 2015. ECF No. 11; *see* ECF Nos. 12 & 13 (reflecting assignments of the judgment from the original plaintiff). Defendant has raised no basis for challenging Plaintiff's status as a valid judgment creditor, *see* ECF No. 56, at 1, and the Court finds none. In addition, Defendant is the judgment debtor, and the petition and supporting documents were properly served on Defendant. ECF Nos. 25-26.

Next, there is no dispute that Defendant is subject to the Court's personal jurisdiction. Defendant has attempted, however, to contest the Court's jurisdiction over Wells Fargo Bank, N.A. ("Wells Fargo"), which currently holds the funds at issue. *See* ECF No. 29, at 2-5. But personal jurisdiction is an "individual right, which is waivable," and therefore cannot be raised on behalf of others. *See Zhaoyin Wang v. Beta Pharma, Inc.*, No. 3:14-CV-1790 (VLB), 2015 WL 5010713, at *12 (D. Conn. Aug. 24, 2015) (quoting *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)) (internal quotation marks omitted). Defendant therefore "lacks standing" to raise such a defense. *Duttle v. Bandler & Kass*, No. 82-CV-5084 (KMW), 1992 WL 162636, at *5 (S.D.N.Y. June 23, 1992). Wells Fargo has been consistently served and given the opportunity to object to these proceedings, and it has not done so. *See* ECF Nos. 27, 43, 44.

Next, there is no dispute that Defendant is entitled to the funds at issue. Although the funds at issue are nominally owned by Back Bay Consulting Corporation ("Back Bay"), Plaintiff has demonstrated that Back Bay is Defendant's alter ego. *See Advanced Video Techs. LLC v.*

2

*HTC Corp.*, No. 11-CV-6604 (CM), 2019 WL 4198769, at *13 (S.D.N.Y. Aug. 12, 2019) ("[I]f HTC establishes that AVT's principals were indeed alter egos of AVT, that would suffice to entitle it to a turnover order under § 5225(b)."). "In New York, piercing the corporate veil generally requires a showing that: '(1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury.'" *Motorola Credit Corp. v. Uzan*, 739 F. Supp. 2d 636, 640 (S.D.N.Y. 2010) (quoting *Morris v. State Dep't of Taxation & Fin.*, 623 N.E.2d 1157, 1160-61 (N.Y. 1993)). Recognizing that this is a "highly fact-specific inquiry," *Advanced Video*, 2019 WL 4198769, at *13, the Court ordered an evidentiary hearing and pre-hearing discovery. *See* ECF No. 35. Rather than engaging in discovery, however, Defendant and Back Bay submitted a joint letter to the Court stating that they "have elected to offer no defense at the January 31 hearing," and therefore "the need for the hearing has been extinguished, as has the need for any pre-hearing discovery." ECF No. 51, at 1. In light of the uncontested evidence in the record of Defendant's "complete control" over and personal use of the Back Bay accounts, and his efforts to avoid his "judgment obligations to plaintiff[]" through the use of Back Bay, the Court finds that Back Bay is Defendant's alter ego, and turnover of the Back Bay funds is warranted. *See Motorola Credit Corp.*, 739 F. Supp. 2d at 640; *see also* ECF No. 56, at 3-4 (Defendant arguing that a tax lien against Defendant applies to "all of Brown's existing and after-acquired property," including the Back Bay accounts).

Finally, Defendant argues that the Court should not turn over any of his assets until he has satisfied his over-$33 million debt to the IRS. ECF No. 56, at 2-4. In support, Defendant attaches a Notice of Federal Tax Lien issued in 2012, ECF No. 56-1, and argues that Plaintiff "must . . . establish that the judgment in this action takes priority over the Lien," ECF No. 56, at 3. In fact, no such showing is required. *See Bricklayers Ins. & Welfare Fund v. LaSala*, No. 12-

CV-2314 (FB), 2018 WL 7053375, at *3 (E.D.N.Y. Nov. 15, 2018) ("[S]ection 5225 of the CPLR does not require that the judgment creditor give notice to adverse claimants such as other judgment creditors or lienholders, nor that the court determine the priorities of such competing interests. In the absence of any objection by the IRS, the federal tax lien with respect to Kenneth LaSala, Sr. (or any other defendant) does not preclude the Court from ordering a turnover of assets." (citations omitted)); *Ne. Heating Cooling Refrigeration Co. v. Potter*, 977 N.Y.S.2d 668, at *1 (N.Y. Sup. Ct. 2013) (describing N.Y. C.P.L.R. Article 52, which includes Section 5225, as creating a "race of diligence" among interest-holders (internal quotation marks omitted)).

Accordingly, the Court GRANTS Plaintiff's motion and, by separate order to be entered today, will order turnover of the proceeds. Plaintiff is ordered to serve a copy of this order and the turnover order on Wells Fargo, including the relevant branch or branches in possession of the accounts at issue, **within two business days of the date of this order**, and to file proof of service **within one business day of service**.

The Clerk of Court is directed to terminate ECF No. 22.

SO ORDERED.

Dated: February 4, 2020
      New York, New York

                                         JESSE M. FURMAN
                                       United States District Judge