UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                      :
MARVIN H. SCHEIN DESCENDANTS' LLC,    :
                                      :
            Plaintiff-Judgment Creditor,  :
                                      :         15-CV-1738 (JMF)
         -v-                          :
                                      :      MEMORANDUM OPINION
MICHAEL D. BROWN,                         :            AND ORDER
                                      :
            Defendant-Judgment Debtor.  :
                                      :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       In 2015, Leslie J. Levine, in his capacity as trustee of the Marvin H. Schein Descendants' Trust, filed suit against Michael D. Brown alleging breach of a settlement agreement ("Agreement") that the parties had entered into in 2007. *See* ECF No. 1 ("Compl."). The Agreement required Brown, among other things, to make deposits into an escrow account so as to maintain the account at a particular level. *See* Compl. ¶ 14. On June 19, 2015, following Brown's failure to respond to the complaint, then-District Judge Shira A. Scheindlin, to whom the case was then assigned, entered a default judgment (the "Default Judgment") against Brown in the amount of $89,008.30, including an award of $9,795.03 in attorney's fees, costs, and disbursements. *See* ECF No. 11. The case was then closed.

       The case remained dormant until 2019, when two things of note occurred. First, Levine filed notices of assignment indicating that the judgment had been assigned, first to Louis P. Kreisberg, and then to Marvin H. Schein Descendants' LLC ("MHS"). *See* ECF Nos. 12-13. Second, MHS sought — and ultimately received — a turnover order with respect to funds held in the name of Back Bay Consulting Corporation, a company that was found to be Brown's alter ego.

*See* ECF Nos. 58-59.  On February 6, 2020, MHS acknowledged partial satisfaction of the judgment in the amount of $10,000.00.  *See* ECF No. 63.

Now pending is MHS's motion to alter the judgment and the case caption.  *See* ECF No. 71.  In particular, MHS seeks "to amend the [June 19, 2015] Judgment upward from $79,008.30 to $751,137.83," to reflect (1) "the current deficiency in the Escrow Deposit minus the current principal component of the Judgment"; (2) "a supplemental award of attorneys' fees and costs"; and (3) associated interest calculations.  ECF No. 72 ("Berschadsky Decl."), ¶ 29.  MHS also seeks to amend the case caption to reflect the assignment.  *See id.* ¶¶ 34-36.

Upon review of the parties' submissions, the Court grants MHS's request to amend the caption, but otherwise denies MHS's motion — albeit without prejudice to the extent that it seeks additional attorney's fees.  First and foremost, putting aside the question of timeliness, the motion to amend the judgment in light of events that postdate the judgment is a procedurally improper effort to bootstrap new claims onto the Default Judgment.  MHS seeks to amend the judgment to encompass "additional losses of $306,896.75 incurred . . . as a result of Brown's continuing failure since June 19, 2015" — the date of the Default Judgment — "to abide by the terms of the 2007 Settlement Agreement."  Berschadsky Decl. ¶ 6; *see also id.* ¶¶ 21, 24; ECF No. 78 ("Reply"), at 1-2.  The remedy for these alleged new breaches of the Agreement, however, is a new lawsuit, not amendment of the existing judgment.

Conspicuously, MHS cites no authority for the proposition that the Court may "upwardly adjust the amount of the Judgment in light of post-judgment developments."  Reply 2.  Such an upward "adjustment" would be especially problematic in the context of a default judgment, which, under Rule 54(c) of the Federal Rules of Civil Procedure, "must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  Courts in this Circuit read Rule 54(c) "narrowly," as requiring "meaningful notice" of the requested relief in the complaint in "anticipat[ion] that

2

defendants will look to the demand clause to understand their exposure in the event of default." *Silge v. Merz*, 510 F.3d 157, 160-61 (2d Cir. 2007) (affirming the capping of damages in a default judgment at the figure specified in the ad damnum clause and "reject[ing] [the] argument that [plaintiff's] demand for pre-judgment interest was implied by his generic request for 'such other and further relief which this Court deems just and proper[,]'" as "mere boilerplate" and "formulaic language" (internal quotation marks omitted)). Accordingly, the request to amend the judgment to reflect Brown's alleged new breaches of the Agreement must be and is denied.[1]

MHS's request for a supplemental award of attorney's fees presents a somewhat closer question. Section 13 of the Agreement requires "the party (or parties) that complies with the demands made by the other party (or parties)" in "any action, suit, arbitration or proceeding to enforce or to recover damages for the breach of [the] Agreement" to pay "all of such party's attorneys' fees, costs and expenses incurred in the successful prosecution or defense of such action, suit or proceeding, as the case may be." ECF No. 72-2. In light of that language, MHS may well be entitled to attorney's fees and costs associated with its post-judgment efforts to enforce the judgment, notwithstanding the fact that a court may "'not infer a party's intention' to provide counsel fees as damages for a breach of contract 'unless the intention to do so is unmistakably clear' from the language of the contract." *Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 199 (2d Cir. 2003) (quoting *Hooper Assocs., Ltd. v. AGS Comps., Inc.*, 548 N.E.2d 903, 905 (N.Y. 1989)). *Compare, e.g.*, *Partners for Payment Relief, LLC v. Dreambuilder Invs., LLC*, No. 12-CV-1414 (RJS), 2016 WL 4205595, at *3-4 (S.D.N.Y. Aug. 8, 2016) (declining to award attorney's fees for post-judgment enforcement in the absence of "broader or more explicit fee-shifting language" in the

---

[1] MHS similarly cites no authority to support its alternative request for the Court to "convert this Motion to a related plenary action" and "deem the motion converted to a complaint," Reply 2-3, and the Court declines to do so. If MHS wishes to commence a new plenary action, it must do so in accordance with Rule 8 of the Federal Rules of Civil Procedure and this Court's Local Rules and procedures. *See also* Fed. R. Civ. P. 3, 7, 10.

parties' contract), *with Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11-CV-1590 (LTS) (HBP), 2014 WL 5020575, at *1-2 (S.D.N.Y. Oct. 8, 2014) (awarding "post judgment attorneys' fees and costs" where the contractual fee-shifting provision provided that "all costs of the prevailing party (including attorneys' fees and costs) . . . shall be borne exclusively by the non-prevailing party").

But MHS does not come close to carrying its burden "of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers*, 34 F.3d 1148, 1160 (2d Cir. 1994) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). Under New York law, which applies here, "an award of attorneys' fees pursuant to a contractual provision may only be enforced to the extent that the amount is reasonable and warranted for the services actually rendered." *Exec. Risk Indemn., Inc. v. Fieldbridge Assocs. LLC*, 642 F. App'x 25, 25 (2d Cir. 2016) (summary order) (internal quotation marks and alterations omitted). Further, "any attorney . . . who applies for court-ordered compensation in this Circuit . . . must document the application with contemporaneous time records . . . [that] specify, for each attorney, the date, the hours expended, and the nature of the work done." *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). Yet MHS provides the Court no basis on which to evaluate the reasonableness of the $285,007.25 in fees requested. MHS asserts that the requested amount encompasses "extensive work" performed by seven law firms "to identify assets that could be restrained and seized to satisfy the Judgment," Berschadsky Decl. ¶¶ 11-12, an assertion supported only by citations to identically worded paragraphs in a declaration filed by MHS's president. *See id.* (citing ECF No. 73, ¶¶ 5-6). No documentation of the hours spent, or rates charged, by MHS's attorneys is provided. Nor is it clear whether the requested fees encompass efforts related to enforcing the Default Judgment alone or whether they also relate to Brown's alleged "ongoing failure . . . to restore the balance of the Escrow Deposit to its required level." Berschadsky Decl. ¶ 24. To the extent the fees relate to the

latter, the request is premature (after all, Section 13 conditions fees on the "successful prosecution" of a claim) and should be made in connection with any new action.[2]

Accordingly, MHS's motion to alter the judgment is DENIED.  In the case of the request for additional attorney's fees, however, that denial is without prejudice to a new application, supported by the requisite documentation demonstrating that the fees are reasonable and attributable to MHS's efforts to collect on the existing judgment and not to its efforts to enlarge the judgment based on new claims that have not yet been adjudicated.  By contrast, the motion to amend the caption is GRANTED as it accurately reflects assignment of the judgment to MHS, and Brown identifies no substantive prejudice that would actually flow from the change.

The Clerk of Court is directed to amend the caption to be consistent with the caption above and to terminate ECF No. 71.

SO ORDERED.

Dated: July 8, 2020
       New York, New York
                                              _____
                                              JESSE M. FURMAN
                                              United States District Judge

---

[2] For the sake of efficiency, the Court believes that MHS should bring its request for attorney's fees in any new action.  If MHS prevails on its substantive claims in that action, it would presumably be entitled to all reasonable fees and costs, without regard for whether they are attributable to enforcement of the judgment in this case or to pursuit of the new claims.  By contrast, if MHS renews its request for fees in this case, it will have to document that the fees are attributable to enforcement of the judgment alone.